## COLEMAN & CO. v. COX. (No. 7650.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1926. Rehearing Denied Jan. 19, 1927.)

Insurance ⊙⟶84(5)—That license to secure insurance expired before expiration of policy held no defense in broker's action for commission.

In action by broker to recover commission for procuring insurance policy, where broker had secured insurance while license was in full force, fact that license expired before expiration date of policy *held* no defense to payment of commission.

Appeal from Bexar County Court for Civil Cases; McCollom Burnett, Judge.

Suit by F. E. Cox against Coleman & Co., in which the defendant filed a cross-action. Judgment for plaintiff, and defendant appeals. Affirmed.

Barrett & Barrett, of San Antonio, for appellant.

Nelson Lytle, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant in the county court of Bexar county to recover commission or compensation under a contract or subagency agreement with appellant for the solicitation and procurement of a certain workmen's compensation insurance policy from Walsh & Burney, contractors, for the period from September 5, 1923, to September 5, 1924, being policy No. U. C. 018108 of the Southern Surety Company. The compensation claimed by appellee was 12½ per cent. of $3,339.82, or $417.47.

In addition to general exceptions to the pleadings, which the court overruled, appellant denied that appellee procured the insurance for the time stated, but that the same was a renewal policy which was renewed without the assistance of appellee. And appellant alleged that the consideration of the agency failed because the appellee did not devote his time, as he agreed, to the business, and failed to remit premiums collected during the year from September 5, 1922, to September 5, 1923, and failed to make certain reports concerning Walsh & Burney's pay rolls, which were necessary to calculate premiums due thereon.

Appellant also pleaded, by way of cross-action, that appellee had collected $99.80 on the premiums on the policy, not accounted for, and prayed judgment therefor.

The case was tried without a jury, and, after deducting the aforesaid $99.80, judgment was entered in favor of appellee for $352.28.

The first and second assignments questioning the sufficiency of the pleading are overruled as without merit.

We overrule appellant's first proposition. We think the judgment of the court is supported by the testimony that appellee was the procuring cause of the issuance of the compensation insurance policy in question, and therefore, under the contract between the parties, entitled to the commission. We think the ruling of the court on this issue is fairly supported by the testimony.

We overrule the second proposition of appellant that appellee was not entitled to the compensation because it was a renewal policy. The finding of the court is sustained by the evidence. It is shown that appellee solicited and procured this policy from Mr. R. L. Burney of the firm, and it was the only policy handled by them for that firm. The evidence sufficiently supports the finding of the court.

We overrule the third proposition that, because the license of appellee had expired, he was not entitled to the commission. Because the license expired before the expiration date of the policy affords no just ground to deprive him of the commission previously earned. Having secured the insurance while the license was in full force and effect, he

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had performed his contract, and he was certainly entitled to the fruits of his labor. American Surety Co. v. Sheerin (Tex. Civ. App.) 203 S. W. 1120.

We overrule the fourth proposition. The contract between the parties of September 1, 1922, does not require an insurance department to be separately kept by appellee. At any rate, the appellee performed his duty to the extent, at least, of procuring the insurance, for which he became entitled to his compensation.

Finding no reversible error assigned, the judgment is affirmed.